UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

ANTWANNE HALL,           )
                         )
                         )
    Plaintiff,           )
                         )
    v.                   )    16-CV-2382
                         )
VERMILION COUNTY STATE'S )
ATTORNEY/STATE OF ILLINOIS, )
                         )
                         )
    Defendant.           )
                         )

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from the Vermilion County Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he was found guilty of aggravated battery with a firearm and aggravated discharge of a firearm. 12-CF-599 (Vermilion County). While serving his sentence, Plaintiff successfully appealed the conviction and was retried in November 2016. The second time around, Plaintiff was acquitted. Plaintiff does not say why he is currently in the Vermilion County Jail, but there are two pending criminal cases against Plaintiff in Vermilion County which were brought in June 2016. *See* 2016CF402 and 2016CF404 (Vermilion County).

Plaintiff seeks reimbursement for the alleged three years and eight months he spent incarcerated on the 2012 charge. He also asks for a psychiatric counselor, to be paid by the State.

Plaintiff's 2012 criminal case was reversed because the Illinois Appellate Court found that the alleged shooting victim's statements had been incorrectly admitted as excited utterances. The Appellate Court found that the alleged shooting victim's statements were

testimonial, arguably requiring Plaintiff to be given an opportunity to cross examine the alleged victim.  People v. Hall, 2015 IL App (4th) 130999-U, 2015 WL 5257164).  The Appellate Court declined to state an opinion on whether the statements might be admissible as prior-statements-of-identification.

Plaintiff states no federal claim based on these facts.  The cause of Plaintiff's alleged wrongful incarceration was the Circuit Court's evidentiary ruling.  Plaintiff cannot sue the judge who made that decision, even if the decision was overturned on appeal.  Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011)("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction.").  Similarly, the State's Attorney who argued for admission of the testimony cannot be sued for doing so. Imbler v. Pachtman, 424 U.S. 409, 429 (1976)(prosecutor immune from § 1983 action based on prosecutor's actions which were "intimately associated with the judicial process," such as initiating and pursuing criminal charges).  Illinois does have a state law procedure for petitioning for a certificate of innocence and seeking compensation from the Illinois Court of Claims, but that procedure requires proving actual innocence and would have to be pursued in

state court.  735 ILCS 5/2-702(a), (b); 205 ILCS 505/8(c); <u>People v. Blouin</u> (2014 IL App (1st) 131603-U, 2014 WL 4536931.

**IT IS ORDERED:**

1)   Plaintiff's complaint is dismissed on the grounds of absolute immunity.  Any amendment to the Complaint would be futile because the Judge and prosecutor in Plaintiff's 2012 criminal case are immune from a lawsuit for damages based on their actions in court.

2)   Plaintiff's motion for counsel is denied as moot (3).

3)   The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58 and to close this case.

4)   Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

5)   If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in

forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED:   February 23, 2017

FOR THE COURT:

          **s/Sue E. Myerscough**
          SUE E. MYERSCOUGH
        UNITED STATES DISTRICT JUDGE